UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENYALL BALL,

                          Plaintiff,

                                                                            5:24-CV-0438

v.                                                                          (GTS/TWD)

CRIMINAL INVESTIGATIONS DEPT., and
WATERTOWN POLICE DEPT.

                          Defendants.
_____

APPEARANCES:

DENYALL BALL
  Plaintiff, *Pro Se*
423 South Hamilton Street
Watertown, New York 13601

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Denyall Ball ("Plaintiff") against the Criminal Investigations Department and the Watertown Police Department ("Defendants"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 7.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired.  (*See generally*, Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-

Recommendation:[1]  Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, and Plaintiff's Complaint is dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 7) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** with prejudice.

Dated: June 4, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).